UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO.:_____

2:17-CV-29-FtM-99CM

MARK LOSEY, SUSAN NELSON, and
GARY DICKSON, individually,
and on behalf of all others similarly situated,

Plaintiffs,

vs.

BB LOCKSMITH, INC.

Defendant,

_____/

## Collective Action Complaint for Violations of the Fair Labor Standards Act and Demand for Jury Trial

Plaintiffs, MARK LOSEY ("LOSEY"), SUSAN NELSON ("NELSON") and GARY DICKSON ("DICKSON"), by and through undersigned counsel, and sue the Defendant, BB LOCKSMITH, INC. and hereby set forth this collective action for violation of the Fair Labor Standards Act under 29 U.S.C. § 216(b) and allege as follows:

### Introduction

1. This is an action brought pursuant to the Fair Labor Standards Act, as amended, (29 U.S.C. §201 et seq., hereinafter called the "FLSA") to recover unpaid overtime compensation, liquidated damages, and reasonable attorney's fees and costs.

### Jurisdiction and Venue

2. This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1331 and 29 U.S.C. §216(b).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as the events or omissions giving rise to the claims alleged herein occurred in Collier County, Florida.

## Parties

4. At all times material, Plaintiff, LOSEY, was and is a citizen of the State of Florida, domiciled in Collier County, Florida and was employed by the Defendant. Specifically, Plaintiff performed locksmith work for the Defendant.

5. At all times material, Plaintiff, NELSON, was and is a citizen of the State of Florida, domiciled in Collier County, Florida and was employed by the Defendant. Specifically, Plaintiff performed locksmith work for the Defendant.

6. At all times material, Plaintiff, DICKSON, was and is a citizen of the State of Florida, domiciled in Collier County, Florida and was employed by the Defendant. Specifically, Plaintiff performed locksmith work for the Defendant.

7. At all times material hereto, Defendant, BB LOCKSMITH, INC., was and continues to be Florida a corporation engaged in business in Florida with its principal place of business located in Naples, Collier County, Florida. Based upon information and belief, the annual gross revenue of the Defendant business enterprises is in excess of five hundred thousand dollars ($ 500,000.00).

8. At all times material, Defendant was authorized to do business in the State of Florida.

9. At all times material, Plaintiffs were employees of Defendant pursuant to 29 U.S.C. § 203(e)(1); Defendant was Plaintiff's "employer" under 29 U.S.C. § 203(a) and (d); and Defendant employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

### General Allegations

10. This action is to include each and every employee who worked for the Defendant at any time in the past three years.

11. At various times hereto, Plaintiff and others similarly situated worked in excess of forty (40) hours within one week.

12. Defendant failed to compensate Plaintiff and others similarly situated at a rate of one and half times the regular rate for all hours worked in excess of forty (40) hours per week as required by the FLSA.

13. At various times hereto, the Defendant required the Plaintiffs and others similarly situated to deduct time from their "clocked" time for lunch and other breaks while requiring the employees to continue working for these periods.

14. Defendant required Plaintiffs and others similarly situated to complete company paperwork, research locksmithing tutorials and other on-line resources "off-the-clock" and without regular or overtime compensation for the hours expended.

15. Defendant systematically denied the Plaintiff and others similarly situated from receiving overtime pay.

16. Defendant has violated 29 U.S.C. §207 from at least January 6, 2014 and continuing to this date, in that:

   a. Plaintiffs and others similarly situated worked in excess of forty hours per week per period of employment with Defendant.

b. No payments or provisions for payment have been made by Defendant to properly compensate Plaintiffs and others similarly situated for overtime wages, at the statutory rate of one and one-half times the regular rate of pay for those hours worked in excess of forty as provided by the FLSA.

c. Defendant has failed to maintain proper time records as mandated by the FLSA.

17. Plaintiffs have retained the law firm of Viles & Beckman, L.L.C. to represent them in the litigation and have agreed to pay the firm a reasonable fee for its services.

18. Upon information and belief, the records concerning the number of hours worked and amounts paid to Plaintiff and others similarly situated, to the extent any exist, are in the possession, custody, and control of the Defendant.

19. Plaintiff, LOSEY, was employed by the Defendant from approximately January 18, 2015 through June, 2015.

20. Plaintiff, NELSON, was employed by Defendant for approximately six (6) months in 2015.

21. Plaintiff, DICKSON, was employed by Defendant from October 28, 2015 to March 15, 2016.

22. Defendant's failure to provide Plaintiff and others similarly situated with overtime compensation for hours worked over 40 per week constitutes a violation of the maximum hour provisions of the FLSA, 29 U.S.C.§ 207.

23. Defendant has failed to maintain proper time records as mandated by the FLSA.

24. Defendant's failure to provide Plaintiff and others similarly situated with overtime compensation was willful or done with reckless disregard of the requirements of the FLSA.

25. Plaintiff and others similarly situated are entitled to an award of attorney's fees and costs pursuant to 29 U.S.C. §216(b).

26. The number of employees similarly situated are believed to exceed forty (40) employees.

**WHEREFORE**, Plaintiffs MARK LOSEY, SUSAN NELSON and GARY DICKSON, and all proposed members of the FLSA representative action, pray for relief as follows:

a. Designation of this action as a collective action on behalf of the proposed members of the FLSA representative action and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents To Sue pursuant to U.S.C. §216(b);

b. Designation of Plaintiffs, as Representative Plaintiffs of the putative members of the FLSA representative action;

c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. §201, et seq.;

d. An injunction against Defendant and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with Defendant, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

e. An award of damages for overtime compensation due for the Plaintiff and the putative members of the class, including liquidated damages, to be paid by Defendant;

f. Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

g. Pre-Judgment and Post-Judgment interest, as provided by law; and

h. Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff does hereby demand a Jury Trial and all issues and claims so triable.

Respectfully submitted this 12th day of January, 2017.

**VILES & BECKMAN, LLC**
Attorneys for Plaintiffs
6350 Presidential Court, Suite A
Fort Myers, Florida 33919
Telephone: 239-334-3933
Facsimile: 239-334-7105
Email: Marcus@vilesandbeckman.com
Secondary: Joanne@vilesandbeckman.com

By: /s/ Marcus W. Viles
Marcus W. Viles, Esquire
Florida Bar Number: 516971