IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARK LOSEY, SUSAN NELSON, and
GARY DICKSON, individually and on
Behalf of all others similarly situated,

     Plaintiffs,

vs.                                 Case No: 2:17-cv-29-FtM-99CM

BB LOCKSMITH, INC.,

     Defendant,

_____/

## JOINT MOTION TO APPROVE SETTLEMENT
## AND TO DISMISS ACTION WITH PREJUDICE

Plaintiffs, MARK LOSEY, SUSAN NELSON and GARY DICKSON, and Defendant, BB LOCKSMITH, INC., hereby notify the Court that the Parties have resolved this matter and all claims raised herein and stipulate to the dismissal of this action with prejudice. As such, the Parties file this Joint Motion to Approve Settlement and Dismiss with Prejudice and state as follows:

### FACTUAL BACKGROUND

1. Plaintiffs filed their Complaint on or about January 1, 2017 in the Middle District of Florida. Plaintiffs seek overtime compensation under the Fair Labor Standards Act ("FLSA"). Specifically, contend that they worked hours that were not reflected in the Timecard Reports or the Employee Time and Mileage Log ("Time Records") that were used by Employer in determining the amount of pay to be paid to the Employees.

2. On March 27, 2017, Defendant filed its Answer and Affirmative Defenses to the Complaint, in which they denied that Plaintiffs worked any hours, including overtime hours, for which they were not compensated. Defendant further contended that it was never notified of and

had no knowledge of the additional time worked by Plaintiffs during their employment and disputed that Employees actually worked any time that was not reflected in the Time Records.

3.      Counsel for the Parties have engaged in extensive settlement discussions regarding Plaintiffs' claims.

4.      The Parties also exchanged documents and information regarding Plaintiffs' claims and Defendant's defenses.  The Parties additionally exchanged pay records and the Time Records related to the Plaintiffs.

5.      After several weeks of negotiations, the Parties ultimately reached a resolution of all claims.

6.      Despite agreeing to resolve Plaintiffs' claims in this case, Defendant continues to deny that Plaintiffs are entitle to additional wages under the FLSA.  Notwithstanding the factual and legal defenses that Defendant believes are applicable in this matter, Defendant determined that it preferred to amicably conclude the instant litigation, taking into account the cost and time associated with the ongoing defense of this case.

7.      Losey and Nelson are being paid, in full, all of their claims, without compromise, under the FLSA.  Therefore, judicial review of the settlement agreement between Defendant and Losey and Nelson is not required.

8.      Dickson is settling his FLSA claims and that agreement is therefore subject to approval by the Federal Court.

9.      On June 30, 2016, Defendant filed a lawsuit against Dickson in the Circuit Court of Collier County, Florida, Case No. 16-CA-001161 (the "Non-Compete Litigation") contending that Dickson had breached the terms of a Non-Compete/Non-Solicitation Agreement ("Non-Compete") between himself and Defendant by working for a competitor of the Defendant. The

Non-Compete Litigation sought injunctive relief and damages against Dickson. Dickson vigorously disputes the allegations contained in the Non-Compete Litigation.

10.     The amount of damages and attorney's fees sought by Defendant in the Non-Compete Litigation are comparable to the amount of unpaid overtime, liquidated damages, and attorney's fees that Dickson seeks in the FLSA Litigation. Therefore, Dickson has agreed to accept a voluntary dismissal of the Non-Compete Litigation by Defendant in settlement of his FLSA claims in this litigation. Dickson and Defendant are also exchanging mutual general releases so as to eliminate any future disputes between them.

11.     A copy of the settlement agreement between Dickson and Defendant is attached as Exhibit "A".

12.     In accordance with this Court's Order dated June 19, 2017 (Doc. 26), the parties removed Paragraph 7, with imposed a confidentiality requirement on the parties as it related to both the Non-Compete Litigation and the FLSA Litigation. The parties have removed any confidentiality requirement as it relates to the FSLA Litigation. Under Paragraph 5 of the Settlement Agreement, Dickson has agreed to not disclose, publish, or talk about the Non-Compete Litigation or the terms of the settlement of the Non-Compete litigation.

## MEMORANDUM OF LAW

In agreeing upon their settlement reached herein, Dickson and Defendant advise the Court that they obtained sufficient information to allow them to make informed decisions after having had the opportunity to analyze their respective claims and defenses. Dickson and Defendant also respectfully submit that the settlement reached between them should be approved by this Court as fair and reasonable.  *See*, 29 U.S.C. §216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).  Pursuant to *Lynn's Food*, the Court reviews the parties' agreements

3

to determine if they are "a fair and reasonable resolution of a bona fide dispute." *Id.* At 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* At 1354. The Court should be mindful of the strong presumption in favor of finding a settlement fair. *Hamilton v. Frito-Lay, Inc.*, 2007 U.S. Dist. LEXIS 10287 at *2-3, (M.D. Fla. Jan. 8, 2007).

At all times material hereto, Plaintiffs and Defendant were represented by counsel experienced in the litigation of FLSA claims. The terms and conditions of the Settlement Agreement were the subject of extensive arms-length negotiations.

The complexity, expense, and length of future litigation in this case and in the Non-Compete Litigation also militate in favor of this settlement. Dickson and Defendant continue to disagree over the merits of the claims asserted against each other. If they continued to litigate this matter and the Non-Compete Litigation, they would be forced to engage in costly and protracted litigation in order to prove their claims and defenses. Even if one of them succeeded on the merits of their claims, the amount of recovery is uncertain and the costs and expenses would likely exceed that recovery. In fact, because of the nature of Defendant's defenses and the claims in the Non-Compete Litigation, Dickson could end up owing money to Defendant. This settlement, therefore, is a reasonable means for both parties to minimize future risks and litigation costs. Based on the various issues in dispute and the uncertainty of the outcome of Plaintiffs' claims and Defendant's claims, Dickson agrees that a Joint Dismissal of the FLSA Litigation and the Non-Compete Litigation represents a reasonable compromise and settlement of his FLSA claims.

The parties are each bearing their own attorney's fees and court costs.

**<u>CONCLUSION</u>**

Based upon the foregoing, Dickson and Defendant respectfully submit that the settlement reached herein was a reasonable compromise that was arrived at after due consideration.  Pursuant to *Lynn's Food*, Dickson and Defendant request that the Court approve the settlement between Dickson and Defendant as fair and reasonable and dismiss this case with prejudice.  Again, the settlement with Losey and Nelson does not require Court approval because Defendant has agreed to pay all of their claims without compromise.

| | |
|---|---|
| **FORSTER BOUGHMAN & LEFKOWITZ**<br>2200 Lucien Way, Ste., 405<br>Maitland, FL  32751<br>Telephone: 407-255-2055<br><br>By: *James E. Shepherd*<br>   **JAMES E. SHEPHERD**<br>   Florida Bar No. 0947873<br>   shepherd@FBL-Law.com<br>   service@FBL-Law.com<br>   Counsel for Defendant BB Locksmith | **VILES & BECKMAN, LLC**<br>6350 Presidential Court<br>Fort Myers, FL 33919<br>Telephone: 239-334-3933<br>Facsimile: 239-334-7105<br><br>By: */s/ Marcus W. Viles, Esq.*<br>   **MARCUS W. VILES**<br>   Florida Bar No. 516971<br>   Marcus@vilesandbeckman.com<br>   Joanne@vilesandbeckman.com<br>   maria@vilesandbeckman.com<br>   Counsel for Plaintiffs |

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Agreement and Mutual Release (the "Agreement") is entered into and is effective as of July 6, 2017, between BB Locksmith, Inc. ("Employer") and Gary Dickson ("Dickson").

## RECITALS

WHEREAS, from October 29, 2015 through March 15, 2016, Dickson was employed by Employer;

WHEREAS, Dickson signed a Non-Compete/Non-Solicitation Agreement ("Non-Compete") with Employer on October 29, 2016;

WHEREAS, on June 30, 2016, Employer filed a lawsuit against Dickson in the Circuit Court of Collier County, Florida, Case No. 16-CA-001161 (the "Non-Compete Litigation") contending that Dickson had breached the terms of the Non-Compete by working for a competitor of the Employer. The Non-Compete Litigation sought injunctive relief and damages against Dickson. Dickson vigorously disputes the allegations contained in the Non-Compete Litigation.

WHEREAS, Dickson filed this lawsuit under the Fair Labor Standards Act ("FSLA") against Employer in the Federal Court of the Middle District of Florida, Fort Myers Division, styled Mark Losey, Susan Nelson, and Gary Dickson, Case No. 2:17-cv-Ftm-99CM, (the "FLSA Litigation"). Dickson contends that he worked hours that were not reflected in the Timecard Reports or the Employee Time and Mileage Log ("Time Records") that were used by Employer in determining the amount of pay to be paid to Dickson;

WHEREAS, Employer contends that it was never notified of and had no knowledge of the additional time worked by Dickson during his employment and disputes that Dickson worked any time that was not reflected in the Time Records that he submitted to the Employer;

WHEREAS, the amount of damages and attorney's fees sought by Employer in the Non-Compete Litigation are comparable to the amount of unpaid overtime, liquidated damages, and attorney's fees that Dickson seeks in the FLSA Litigation, the parties, solely in order to avoid the time and expense of dealing with the Non-Compete Litigation and the FSLA Litigation, and not as an admission of any liability to the other, have agreed to the voluntary dismissal of the Non-Compete Litigation and the FSLA Litigation; and

WHEREAS, the parties desire to otherwise resolve all disputes between them and to have no further obligations to each other, except as specifically provided herein.

NOW, THEREFORE, in consideration of the mutual promises contained in this Agreement, which the parties acknowledge constitute sufficient consideration for this Agreement, the parties agree as follows:

1.      Within five (5) days from the date that the terms of this agreement are approved by the Federal Court in the FSLA Litigation, Employer and Dickson shall file a Joint Stipulation for Dismissal of the Non-Compete Litigation.

Exhibit A

2.      Within five (5) days from the date that the terms of this agreement are approved by the Federal Court in the FSLA Litigation, Employer and Dickson shall file a Joint Stipulation for Dismissal of the FSLA Litigation.

3.      Dickson further agrees and stipulates that he has no other claims, debts, obligations, promises, agreements, liabilities, damages, costs, attorneys' fees, expenses, wages, employee benefits, overtime pay, back pay, front pay, severance pay, bonus pay, personal injuries, compensatory damages, liquidated damages, punitive damages, or other compensation, suits, appeals, actions and causes of action, of whatever kind or character, arising out of relating to his employment with Employer.

Employer further agrees and stipulates that it has no other claims, debts, obligations, promises, agreements, liabilities, damages, costs, attorneys' fees, expenses, compensatory damages, liquidated damages, punitive damages, or other compensation, suits, appeals, actions and causes of action, of whatever kind or character, arising out of relating to Dickson's employment with Employer.

4.      Each party agrees not to institute, maintain, or prosecute, or induce, or assist in the instigation, commencement, maintenance, or prosecution of any civil action, suit, or legal proceeding involving any claim arising out of and relating to Dickson's employment with Employer. Each party further agrees that they or it will not seek or accept any equitable or monetary relief in any action, suit, proceeding, or administrative charge filed by them or on their behalf by any person, organization, or other entity against the other party.

5.      In consideration for the dismissal of the Non-Compete Litigation, Dickson agrees to not disclose, publish, or talk about the Non-Compete Litigation or the terms of settlement of the Non-Compete Litigation, except as may be necessary to his attorneys or accountants, or as may be necessary to comply with a subpoena or an order from a Court of competent jurisdiction compelling disclosure of the information. Dickson shall not encourage or suggest to any other person to bring an action against Employer. If asked about the resolution of the Non-Compete Litigation, Dickson shall respond only that the matter was resolved and shall not disclose or discuss any other aspect of the Agreement.

6.      General Releases.   Dickson hereby irrevocably and unconditionally releases, acquits, waives, relinquishes, and discharges Employer as well as Employer's attorneys, agents, legal representatives, heirs, assigns, successors, executors, and administrators, of and from any and all claims, debts, obligations, promises, agreements, liabilities, damages, costs, attorneys' fees, expenses, wages, employee benefits, back pay, front pay, severance pay, bonus pay, personal injuries, compensatory damages, liquidated damages, punitive damages, and other compensation, suits, appeals, actions and causes of action, of whatever kind or character, arising prior to or existing as of the date of this Agreement, which Dickson had, have, or might claim to have against Employer at law or in equity arising under common law or any federal, state, or local law, statute, regulation or ordinance, whether known or unknown, whether foreseen or unforeseen, arising out of or in connection with the employment relationship between Dickson and Employer.

This release extends to any and all legal claims, including but not limited to claims arising under Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991, 42 U.S.C. § 1981, the Age Discrimination in Employment Act, the Equal Pay Act, the

Americans with Disabilities Act, the Family and Medical Leave Act, the Employment Retirement Income Security Act, the National Labor Relations Act, the Fair Labor Standards Act, the Florida Civil Rights Act, the Florida Whistleblower Act, or any other federal, state, and/or municipal legislation, statutes, or ordinances of any kind or nature, including without limitation claims for breach of contract, promissory estoppel, wage payments, vacation pay, bonuses, severance pay, commissions, stock options, claims asserting fraud, misrepresentation, negligence, gross negligence, intentional and/or negligent infliction of emotional distress, defamation, invasion of privacy, tortious interference, and any other common-law or state-law claim.

Employer hereby irrevocably and unconditionally releases, acquits, waives, relinquishes, and discharges Dickson as well as Dickson's attorneys, agents, legal representatives, heirs, assigns, successors, executors, and administrators, of and from any and all claims, debts, obligations, promises, agreements, liabilities, damages, costs, attorneys' fees, expenses, compensatory damages, liquidated damages, punitive damages, and other compensation, suits, appeals, actions and causes of action, of whatever kind or character, arising prior to or existing as of the effective date of this Agreement, which Employer had, has, or might claim to have against Dickson, and all other claims at law or in equity arising under common law or any federal, state, or local law, statute, regulation or ordinance, whether known or unknown, whether foreseen or unforeseen, arising out of or in connection with the employment relationship between Dickson and Employer, including without limitation, the Non-Compete.

7.      Each party hereto understands that this is a complete and final release and that no more money is to be paid or other consideration given on account of any claim that has accrued against the other party as of the effective date of this Agreement, and that the consideration stated herein is contractual and not a mere recital.

8.      The parties agree that in the event of any litigation between the parties arising out of or relating to this Agreement or the Employment, the prevailing party shall be entitled to recover its reasonable attorneys' fees, expenses, and costs of court from the non-prevailing parties.

9.      Should the Federal Court fail to approve the terms of this Agreement, then this Agreement shall become null and void and shall be of no further force or effect.

10.     General.

a.      This Agreement shall be construed as a whole in accordance with its fair meaning and not strictly for or against any of the parties. The headings used herein are for reference only and shall not affect the construction of this Agreement.

b.      If any court determines that any of the provisions of, or obligations imposed by, this Agreement are unenforceable for any reason, the parties agree that such determination shall not bar or in any way affect the parties' right to enforce the remaining provisions of, or obligations imposed by, this Agreement.

c.      This Agreement represents the sole and entire agreement between the parties and supersedes all prior agreements and negotiations between the parties and their

respective counsel, if any.   Any amendment to this Agreement must be in writing and signed by duly authorized representatives of the parties.

d.        A waiver of a breach of any term of this Agreement by any party shall not be construed as a waiver of any subsequent breach of the same term or of any other then existing or subsequent breach of a different term.

e.        This Agreement shall be binding upon parties and their heirs, administrators, representatives, executors, successors, and assigns.

f.        This Agreement is governed by and construed in accordance with the laws of the State of Florida.

g.        This Agreement may be executed by each Party in separate counterparts, each of which shall be deemed an original and constitute one document.

h.        In the event of any litigation arising out of or concerning this Agreement, the prevailing party shall be entitled to recover from the non-prevailing party its reasonable attorney's fees and court costs.

BY SIGNING THIS AGREEMENT, WE ACKNOWLEDGE AND REPRESENT THAT WE HAVE CAREFULLY REVIEWED THIS AGREEMENT WITH OUR COUNSEL AND FULLY UNDERSTAND ALL OF ITS PROVISIONS, AND THAT WE ARE KNOWINGLY AND VOLUNTARILY ENTERING INTO THIS AGREEMENT WITHOUT ANY UNDUE INFLUENCE OR COERCION.

Gary Dickson
Dated:   7/10/17

BB LOCKSMITH, INC.

By:
Name:   William C. Boughman
Its:    President
Dated:   7/6/17