## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

MARK LOSEY, SUSAN NELSON and
GARY DICKSON, individually and on
behalf of all others similarly situated

       Plaintiffs,

v.                                Case No:  2:17-cv-29-FtM-99CM

BB LOCKSMITH, INC.,

       Defendant.

_____

## REPORT AND RECOMMENDATION[1]

    This matter comes before the Court upon review of the Joint Motion to Approve Settlement and to Dismiss Action with Prejudice (Doc. 29) filed on July 10, 2017. The parties request that the Court approve Plaintiff Gary Dickson ("Dickson") and Defendant's settlement of Dickson's Fair Labor Standards Act ("FLSA") claim.[2]   Doc. 29 at 2.   The parties provided a copy of the Settlement Agreement and Mutual Release for the Court's review.   *Id.* at 6-9.   For the reasons set forth herein, the

---

[1]  A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **In order to expedite a final disposition of this matter, if the parties have no objection to this Report and Recommendation, they promptly may file a joint notice of no objection.**

    [2]  The parties state that Plaintiffs Mark Losey ("Losey") and Susan Nelson ("Nelson") are being paid in full for their claims without compromise, and their settlement agreement is not subject to judicial review.   Doc. 29 at 2.

Court recommends that the settlement be **APPROVED** and the case be dismissed with prejudice.

To approve the settlement, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA. *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). There are two ways for a claim under the FLSA to be settled or compromised. *Id.* at 1352-53. The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id.* at 1353. The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages. *Id.* When the employees file suit, the proposed settlement must be presented to the district court for the district court's review and determination that the settlement is fair and reasonable. *Id.* at 1353-54.

The Eleventh Circuit has found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.

In determining whether the settlement is fair and reasonable, the Court may consider the following factors: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel. *See, e.g., Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *Dorismond v. Wyndham Vacation Ownership, Inc.*, No. 6:14-cv-63-Orl-28GJK, 2014 WL 2861483, at *2 (M.D. Fla. June 24, 2014).

On January 17, 2017, Losey, Nelson and Dickson (collectively, "Plaintiffs") for themselves and on behalf of other similarly situated individuals filed a Collective Action Complaint for Violations of the FLSA and Demand for Jury Trial (the "Complaint") against Defendant for recovery of overtime compensation under the FLSA. Doc. 1. Defendant is a corporation engaged in business in Florida. *Id.* ¶ 7.

The Complaint alleges that Defendant hired Losey approximately from January 2015 to June 2015, Nelson approximately for six months in 2015, and Dickson from October 28, 2015 to March 15, 2016, all as locksmiths. *Id.* ¶¶ 4-6, 19-21. The Complaint further alleges that Defendant failed to compensate Plaintiffs and other employees at a rate of one and one-half times their regular rate for all hours worked in excess of forty hours in a single work week. *Id.* ¶¶ 11-12. Specifically, Plaintiffs allege that Defendant required them and others similarly situated to continue working through their lunchtime and other breaks and to deduct these periods from their recorded time. *Id.* ¶ 13. Furthermore, Plaintiffs claim that

Defendant required Plaintiffs and others similarly situated to complete paperwork, tutorials and other on-line resources without paying regular or overtime compensation for the hours expended.   *Id.* ¶ 14.

On June 16, 2017, Dickson and Defendant filed the joint motion for the Court's approval of their settlement agreement with the proposed settlement agreement. Doc. 25.   The Court denied the motion without prejudice because the proposed settlement agreement contained a confidentiality provision.   Doc. 26 at 3-4.   The Court directed them to file a settlement agreement with the offending confidentiality provision removed on or before June 26, 2017.[3]   *Id.* at 4.   The parties addressed this issue by limiting the provision's scope to the parties' state court action not related to Dickson's FLSA claim.   Doc. 29 at 3, 7.

The parties state that Defendant has a pending state court action against Dickson based on Dickson's breach of the parties' contract.   *Id.* at 2.   The parties allege that the amount of damages and attorney's fees sought by Defendant in the state court action are comparable to the amount of unpaid overtime, liquidated damages and attorney's fees sought by Dickson here.   *Id.* at 3.   Thus, the parties

---

[3] The parties did not file any settlement documents or a motion for extension of time within the Court-ordered deadline.   As a result, the Court ordered Dickson and Defendant to show cause in writing on or before June 30, 2017 why they did not comply with the Order (Doc. 26).   Doc. 27.   On July 5, 2017, five days after the deadline, Defendant filed a response, explaining that its counsel was working on a revised settlement agreement.   Doc. 28 at 1.   On July 10, 2017, the parties filed the instant motion with the proposed settlement agreement.   Doc. 29.   Although the Court will not take any further action on the Order to Show Cause (Doc. 27), the Court reminds the parties that the Court's deadlines are not mere suggestions and the parties must comply with the deadlines in a timely manner.

state that Dickson has agreed to dismiss this case in exchange for Defendant's voluntary dismissal of the pending state court action.   *Id.*

The proposed settlement agreement shows that the modified confidentiality provision also is part of the consideration for Defendant's dismissal of the state court action.   *Id.* at 7.   The parties further state that they are bearing their own attorney's fees and court costs.   *Id.* at 4.   Because Dickson and his counsel will not receive any payments under the settlement agreement, the Court need not consider whether any payments to Dickson or his counsel are reasonable.   *Klatt v. All-Brand Food Distribution, Inc.*, No. 608-cv-2125-Orl-28KRS, 2010 WL 746492, at *2 (M.D. Fla. Mar. 3, 2010) (holding that when the plaintiff agreed to settle his FLSA claim for no payment to him or his counsel as part of a global resolution of the FLSA case and a state court action, "the Court need not separately consider whether the compromise of any amount paid to [the plaintiff] and any payment to his attorney were reasonable.").

The parties argue that their settlement agreement is fair and reasonable given the complexity, expense and length of litigation.   Doc. 29 at 3-4.   The parties state that they had an opportunity to analyze their respective claims and defenses and obtained sufficient information to reach an informed decision.   *Id.* at 3.   The parties allege that they continue to disagree over the merits of their claims asserted against each other, which would force them to engage in costly and lengthy litigation.   *Id.* at 4.   Thus, the parties seek to minimize future risks and litigation costs by entering into this settlement agreement.   *Id.*   The parties further state that they have

reviewed the agreement carefully with their counsel and entered into this agreement knowingly and voluntarily.   *Id.* at 9.   Based on the Court's review of the settlement agreement, the parties' representations and the policy in this circuit of promoting settlement of litigation, the Court recommends the proposed settlement to be a fair and reasonable compromise of the dispute.

The Court further notes that the proposed settlement agreement contains mutual general releases of claims.   Doc. 29 at 7-8.   In FLSA cases, general releases typically are disfavored because "a pervasive release in an FLSA settlement confers an uncompensated, unevaluated, and unfair benefit on the employer."   *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1352 (M.D. Fla. 2010) (holding that the proposed FLSA settlement agreement was unfair and precludes evaluation of the compromise because of the pervasive and unbounded scope of the release).   This court as well as other courts within this district have approved general releases in FLSA cases when the plaintiff receives compensation that is separate and apart from the benefits to which plaintiff is entitled under the FLSA.   *Davis v. JP Sports Collectibles Inc.*, No. 2:16-cv-154-FtM-CM, 2016 WL 7474571, at *2 (M.D. Fla. Dec. 29, 2016) (approving the settlement agreement with mutual general releases because the plaintiffs received independent consideration for their individual general releases); *Weldon v. Backwoods Steakhouse, Inc.*, 6:14-cv-79-Orl-37TBS, 2014 WL 4385593, at *4 (M.D. Fla. Sept. 4, 2014); *Buntin v. Square Foot Mgmt Co., LLC*, 6:14-cv-1394-Orl-37GJK, 2015 WL 3407866, at *2 (M.D. Fla. May 27, 2015); *Raynon v. RHA/Fern Park MR., Inc.*, 6:14-cv-1112-Orl-37TBS, 2014 WL 5454395, at *3 (M.D. Fla. Oct. 27, 2014).

In *Buntin*, the court approved a settlement agreement that contained a general release because it was supported by independent consideration apart from that owed to him under the FLSA, specifically a mutual general release and a specific neutral reference by defendant.   *Buntin*, 2015 WL 3407866, at *3.   Other courts have also found mutual general releases to confer a benefit on plaintiff, and thus acceptable. *Capers v. Noah's Ark Repair Serv., Inc.*, No. 6:11-cv-457-ORL-28TB, 2013 WL 3153974, at *3 (M.D. Fla. June 19, 2013) (approving agreement as fair and reasonable where containing a mutual general release, finding that "[it] also confer[s] a benefit upon Plaintiff."); *Vergara v. Delicias Bakery & Rest., Inc.*, No. 6:12-cv-150-Orl-36KRS, 2012 WL 2191299, at *2-3 (M.D. Fla. May 31, 2012), report and recommendation adopted, 2012 WL 2191492 (M.D. Fla. Jun.14, 2012) (approving settlement agreement where general release by employee was exchanged for a mutual release by employer).

Here, in exchange for Dickson's general release of claims, Defendant is providing a reciprocal release.   Doc. 29 at 7-8.   The parties assert that mutual releases would eliminate any future disputes between them.   *Id.* at 3.   As a result, the Court recommends that Defendant's reciprocal general release is sufficient independent consideration for Dickson's general release.   *Id.* at 7-8; *see Buntin,* 2015 WL 3407866, at *3 (approving a settlement agreement with a general release because it was supported by a mutual general release and a specific neutral reference by defendant).   Thus, having reviewed the settlement agreement (Doc. 29 at 6-9), the Court recommends that the proposed terms of the settlement to be a fair and

reasonable compromise of the dispute.

ACCORDINGLY, it is respectfully

**RECOMMENDED:**

1.      The Joint Motion to Approve Settlement and to Dismiss Action with Prejudice (Doc. 29) be **GRANTED** and the Settlement Agreement (Doc. 29 at 6-9) be **APPROVED** by the Court as a fair and reasonable resolution of a bona fide dispute under the FLSA.

2.      The Court enter an order **DISMISSING** this action with prejudice and the Clerk be directed to close the file.

**DONE** and **ENTERED** in Fort Myers, Florida on this 14th day of July, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record